IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICRO ELECTRONICS, INC. d/b/a
MICRO CENTER,**

      **Plaintiff,**

   v.                                        Case No. 2:10-CV-943
                                                       JUDGE FROST
                                                       MAGISTRATE JUDGE KING

**10VOX ENTERTAINMENT, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Plaintiff's *Motion to Remand*, Doc. No. 5. For the reasons that follow, it is recommended that the motion be denied.

### I.

Plaintiff Micro Electronics, Inc. d/b/a Micro Center ["Plaintiff"] originally filed this action against Defendant 10VOX Entertainment, LLC ["Defendant"] in the Court of Common Pleas for Franklin County, Ohio. The action was removed to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Plaintiff argues that the action was improperly removed and seeks remand to state court.

In the *Complaint*, Plaintiff asserts claims for breach of contract and improper tender of goods in connection with an agreement to purchase Defendant's product. *See Complaint*, Doc. No. 3, at 2-6. Plaintiff is a Delaware corporation with a principal place of business in Hilliard, Ohio. *Id.* at ¶ 1. Defendant is identified in the *Complaint* as a Florida limited liability company

with a principal place of business in Gainesville, Florida.  *Id.* at ¶ 2.

In the *Notice of Removal*, Doc. No. 1, Defendant bases subject matter jurisdiction in this Court on diversity of citizenship, noting that it is a Florida limited liability company and Plaintiff is a Delaware corporation.  *See Notice of Removal*, Doc. No. 1, at ¶¶ 4-5.  Defendant also identifies the amount in controversy as in excess of $75,000, exclusive of interests and costs.  *Id.* at ¶ 2.

In the *Motion to Remand*, Doc. No. 5, Plaintiff argues that removal is improper and defective because Defendant, a limited liability company, failed to identify the citizenship of all its members.  Plaintiff seeks remand of the action and reimbursement of costs and fees incurred as a result of the allegedly improper removal.  *Id.* at 3, 4.

Defendant opposes remand of the action on the basis that complete diversity exists in this case.  Defendant urges the Court to consider the affidavit of its managing member.

## II.

As Plaintiff correctly points out, for purposes of diversity jurisdiction in federal court, a limited liability company has the citizenship of its members.  *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  Thus, in order to assess whether this Court is vested with jurisdiction, Defendant is required to identify the citizenship of each of its members.

In *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that the failure to identify the citizenship of limited liability members can be cured under the authority of 28 U.S.C. § 1653.  This statute provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in

the trial or appellate courts." 28 U.S.C. § 1653. Such amendment is "broadly permitted, so as to effectuate Congress' intent . . . to avoid dismissals on technical grounds." *Miller v. Davis*, 507 F.2d 308, 311 (6th 1974) (citations omitted).

The Court notes Plaintiff's reliance on *RJ Schinner Co. v. Georgia Pacific Corp./Dixie Food Service*, No. 07-C-0077, 2007 WL 2318513 (E.D. Wis. August 9, 2007), which is cited in support of the motion to remand. In that case, the court remanded an action on account of defendant's failure to identify the citizenship of each of its limited liability members in the notice of removal. The court specifically declined to permit cure of the defect under 28 U.S.C. § 1653.

The decision in *RJ Schinner Co.* is contrary to Sixth Circuit authority enunciated in *Miller v. Davis, supra*. Thus, the Court declines to follow that decision. In this case, although the *Notice of Removal* failed to identify the citizenship of each of the Defendant's members, the Court concludes that the defect can be cured pursuant to 28 U.S.C. § 1653. In the proffered *Affidavit of Alex Reece*, nine members of Defendant are identified as residents of the States of Florida, New York and California. *Affidavit of Alex Reece*, Managing Member of 10VOX Entertainment, LLC, at ¶¶ 3-5, attached as Exhibit to *Defendant's Memorandum contra*, Doc. No. 10. Mr. Reece specifically avers that none of the Defendant's members resides in the State of Ohio. *Id.* at ¶ 6.

Based upon Mr. Reece's averments, the Court concludes that complete diversity exists in this case for purposes of jurisdiction under 28 U.S.C. § 1332. Remand of the action to state court is therefore not warranted. It follows that Plaintiff's request for reimbursement of costs and fees is without merit.

### III.

**WHEREUPON**, it is **RECOMMENDED** that the Plaintiff's *Motion to Remand*, **Doc. No. 5**, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**January 12, 2011**       *s/ Norah McCann King*
**DATE**     **NORAH McCANN KING**
    **UNITED STATES MAGISTRATE JUDGE**